## W. M. BURTON *v.* THE STATE.

1. CONTINUANCE. — Diligence is not disclosed in an application which fails to show when or to whom the process for the absent witness was issued, or what disposition was made of it. If issued to another county, the mode of transmission should be shown.

2. NEW TRIAL — SURPRISE. — If the defendant, in the course of the trial, be surprised by the testimony in consequence of having been misled by the witnesses, his proper course is to avail himself of the provisions of art. 568 of the Code of Procedure, by applying under oath for a continuance or a postponement of the trial. Failing to take this course, the surprise is not available as cause for new trial.

3. NEWLY DISCOVERED EVIDENCE. — A new trial should not be granted on account of newly discovered evidence, unless it be shown that the evidence was discovered since the trial, and could not by reasonable diligence have been secured at the trial; that it is material, not merely cumulative, or simply to impeach a witness; and that on another trial it will be likely to produce a different result.

4. NEW TRIAL. — The non-attendance of witnesses, whether they were served with process or not, can never be made cause for new trial unless a continuance was asked on account of their absence.

APPEAL from the District Court of Parker. Tried below before the Hon. A. J. HOOD.

The indictment charged the appellant with the murder of Jack Rush, on May 14, 1880, by shooting him with a gun. The jury found appellant guilty of murder in the first degree, and assessed his punishment at death.

The homicide was perpetrated by assassination, about four o'clock in the morning of the day alleged in the indictment. Rush, the deceased, was seated in the room of a prostitute at Weatherford, with his arms upon her knees, when he was shot from the door. Fourteen slugs or buckshot entered his neck and chin, and killed him instantly. No witness recognized the person who fired the shot. By a number of witnesses, however, a series of facts and circumstances were established which satisfied the jury that the appellant was, beyond doubt, one of the perpetrators of the crime. He and the deceased had had a fight some weeks prior to the homicide. Previous menaces and preparation, foot-prints, and many confirmatory circumstances depending upon the topography of the town in which the assassination was perpetrated, enter into the details given by the witnesses. No useful purpose would be subserved by a reproduction here of these matters.

*Watts & Cowart*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. The appellant was tried and convicted of the murder of Jack Rush, and his punishment fixed at death.

Three questions are presented by the record: First, the correctness of the action of the court below in overruling appellant's motion for a continuance; second, the action of the court in overruling appellant's motion for a new trial; third, does the evidence support the verdict?

We learn from the record that the homicide occurred on the night of the 14th of May, A. D. 1880; that appellant was arrested on the next day; that the grand jury presented the bill of indictment on the seventeenth day of May, 1880; and that this cause was called for trial on the eighth day of September. Now, by reference to the motion to continue, we find that the witness Roberts (for whose testimony the continuance was sought) was a citizen of the county, and remained such to within two months of the trial; that an attachment was sent " several " weeks before that term of the court to Callahan County, where witness had gone, which attachment had not been returned; and that on the first week of that term another attachment was placed in the hands of the deputy-sheriff, who went to Callahan County, and had not returned at that time (the eighth week).

It will be seen that in this application the showing of diligence is vague and indefinite — extremely so. Sent " *several weeks* before that term of the court." This may have been but two, or it may have been more; we cannot tell. The manner of sending — was it by mail? If so, who was addressed? Was it properly directed to the sheriff? These are very important questions. Under the authorities, we certainly cannot hold that proper diligence had been used, and therefore the court below did not err in overruling the appellant's motion to continue the case.

It surely cannot be held that to wait until the first week of the court, and then take steps to force the attendance of a witness, would be diligence. The attachment placed in the hands of the deputy-sheriff is the only process for said witness shown *by the record* to have been issued. The other witness named in the motion to continue was present and testified in behalf of appellant.

The next point in regular order is the action of the court in overruling the appellant's motion for a new trial. This motion embraces the supposed error of the court in overruling the motion to continue, surprise to appellant by the evidence of the State's and the defendant's witnesses, newly discovered evidence, non-attendance of witnesses served and not served, and that the evidence did not support the verdict.

The court below having acted properly in overruling the motion to continue, for *want of diligence*, its action in that matter can form no ground for a new trial. If the appellant was surprised or misled by the evidence of witnesses, to his injury, the Code points out to him the course to pursue, and unless he follows the directions of the Code he cannot afterwards be heard to complain. Suppose the evidence of the witnesses on the trial is radically different to, and is in direct conflict with, what defendant had a right and was led by the witnesses to believe it would be; and, the evidence being injurious to the defendant, suppose by the threatened injury that the spirit of art. 568 embraces this state of case, what should the defendant do? He, by a written motion setting forth all of the facts, properly verified by his oath, and, if the state of case demand, supported by the affidavits of others, should move the court to continue the case or postpone the trial until a fair trial could be had. Failing in this, as he will not be permitted to speculate on results, he is estopped, and will not be heard to urge this matter at any subsequent time.

A new trial should not be granted on the ground of newly discovered evidence unless it be made to appear that

the evidence was discovered since the trial ; that reasonable diligence could not have secured the evidence at the trial ; and that the evidence was material, not cumulative, nor simply to impeach· a witness ; and that on another trial it would likely produce a different result.   Apply these prerequisites to all that is said of the newly discovered evidence in the motion upon this ground, and it will be found wanting in every particular except materiality, and that is doubtful.

The non-attendance of the witnesses, whether served or not, can never be made a ground of a motion for a new trial unless preceded by a motion to continue the case, the motion to continue the case being founded upon their absence. If this motion is overruled by the court wrongfully, and upon trial the evidence appears material and probably true, then the defendant can again urge this ground.   But two witnesses were embraced in the motion to continue : one was present and testified for defendant ; the diligence to obtain the attendance of the other was not sufficient, and hence this ground for new trial must fail.

There is but one other ground upon which a new trial was asked, and that is that the evidence does not support the verdict.   After a careful and thorough investigation of the statement of facts, we would not be warranted in holding that the verdict of the jury was not sustained by the evidence.   There being an indictment pending against Walter Burton, charging him also with this murder, in conjunction with appellant and John Greenwood, we will not comment on the evidence, holding, however, that the evidence in *this* case amply supports the verdict.

The charge of the court is a fair and liberal application of the law to the case as made by the facts, to which no objection can be or has been urged by appellant.   We are left no alternative but to affirm the judgment, which is accordingly done.

*Affirmed.*